IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JALEEL FRANKLIN, §
 §
 Petitioner, §
 §
v. § No. 4:17-CV-401-Y
 §
LORIE DAVIS, Director,[1] §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
 Respondent. §

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jaleel Franklin, a state prisoner, against Lorie Davis, director of the Correctional Institutions Division of the Texas Department of Criminal Justice, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be summarily dismissed for failure to exhaust state-court remedies. No service has issued upon Respondent.

**I. FACTUAL AND PROCEDURAL HISTORY**

Public records confirm that on April 7, 2017, Petitioner was

---

[1]In a habeas proceeding brought by a prisoner, the proper respondent is the immediate physical custodian of the prisoner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Petitioner was apparently confined in the Tarrant County jail at the time he mailed this petition, however public records indicate that he is no longer confined in the Tarrant County jail and is now confined in the Middleton unit of the Correctional Institutions Division of the Texas Department of Criminal Justice. Accordingly, the clerk of Court is directed to add "Lorie Davis, Director, Texas Department of Criminal Justice, Correctional Institutions Division" as the party-respondent.

sentenced in the 432nd Judicial District Court, Tarrant County, Texas, Case No. 1368033D, to thirty years' confinement, having been found guilty by a jury of continuous sexual abuse of a child or children under 14 years of age. See TDCJ's Offender Info. Details, http://www.tdcj.state.tx.us. Public records also confirm that Petitioner filed a notice of appeal in the Second District Court of Appeals of Texas on April 13, 2017, which remains pending in that court. See Tex. Jud. Branch, http://www.txcourts.gov.

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas-corpus petition to be summarily dismissed.[2] The Court of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

2

petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and public records, it is apparent that Petitioner has not exhausted his claims in the state courts as required by 28 U.S.C. § 2254(b)(1).

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. *See* 28 U.S.C. § 2254(b)(1), (c)[3]; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).

---

[3]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review and/or a postconviction state habeas-corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).

Petitioner's claims have not been properly exhausted in state court. His direct appeal remains pending in the state appellate court, and the Texas Court of Criminal Appeals has had no opportunity to review his claims and render a decision. Accordingly, a ruling from the federal court at this juncture would prevent the state court from performing its proper function. *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").

Petitioner must first pursue his claims by way of a petition for discretionary review and/or state postconviction writ of habeas corpus. Only after his state remedies are concluded may he attack his conviction or sentence in this Court by way of a federal petition pursuant to 28 U.S.C. § 2254. *Id*. Absent a showing that

state remedies are inadequate, petitioner cannot now proceed in this Court in habeas corpus. *See* 28 U.S.C. § 2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Dismissal of this federal habeas-corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust his state remedies and then return to this Court, if he so desires, after exhaustion has been properly and fully accomplished.

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice for failure to exhaust state-court remedies. Petitioner's application to proceed in forma pauperis is DENIED. (Appl., ECF No. 2.)

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack*, 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED June 2, 2017.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE